The judgment is reversed, and the cause remanded.

---

**TEXAS ELECTRIC RY. v. ROWELL.***
(No. 6058.)

(Court of Civil Appeals of Texas. Austin. March 26, 1919. Rehearing Denied May 14, 1919.)

1. DAMAGES ⟪═⟫206(1)—PERSONAL INJURY ACTION—EXHIBITION OF PERSON.

In personal injury action, where plaintiff, in testifying to injuries, indicated location of pain with his hands, but did not remove any of his clothing or exhibit any portion of his person, court properly refused to require plaintiff to be examined by defendant's physicians.

2. CARRIERS ⟪═⟫347(3) — PASSENGERS — ACTION FOR INJURIES—JURY QUESTION.

Whether prospective passenger, standing at place where street car had stopped for a number of years for purpose of taking on and letting off passengers, was negligent in assuming that car would stop, and stepping on track to avoid fast approaching automobile, was for the jury.

Appeal from District Court, McLennan County; H. M. Richey, Judge.

Action by W. D. Rowell against the Texas Electric Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

---

⟪═⟫For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error dismissed by agreement, October 15, 1919.

Sanford & Harris, of Waco, for appellant.
Walton D. Taylor, of Waco, for appellee.

KEY, C. J. The following statement is copied from appellant's brief:

"This suit was instituted in the district court of McLennan county, Tex., Seventy-Fourth judicial district, by W. D. Rowell against the Texas Electric Railway for damages by reason of personal injuries sustained by him, resulting from being struck and knocked down by a street car of appellant.

"Appellee alleges that on or about July 5, 1917, he went to a point near the intersection of Twenty-Third street and Sanger avenue, for the purpose of boarding one of appellant's street cars coming down town; that appellee stopped at the same place he had been stopping for a number of years to catch a street car coming to the business section of Waco; that the street car, on approaching the intersection of Twenty-Third street and Sanger avenue, had been in the habit of slowing down for the purpose of taking on and letting off passengers; that, in order for appellee to board said car, it was necessary that he should cross Sanger avenue, from the north to the south side, and near where the west line of Twenty-Third street intersects said Sanger avenue; that this was the usual, and customary and proper place for boarding said street car, and, while appellee was at said point for the purpose of boarding said street car, he was in plain view of the motorman; that, while appellee was waiting at said point for the purpose of boarding said car, there was approaching an automobile, traveling in the same direction with the street car and on the south side of said Sanger avenue; that said automobile was going at a high rate of speed; that as it passed appellee the automobile approached so near the street car line that it was necessary for appellee to step towards the rail on the street car track so as to avoid being struck by the automobile, and that, as he stepped back towards the rail, the motorman in charge of said car operated the same at a high and dangerous rate of speed into and against appellee, causing the car to come in violent contact with him and to hurl him with great force and violence against the ground, injuring, wounding, and damaging him, as hereinafter shown; that appellee was struck on his right hip, and the right side of his back, and on his right arm, and that he was knocked about 12 or 15 feet, and that he was knocked unconscious for a few seconds; that the right side of his back and his right side were severely injured and bruised, the muscles, tendons, and ligaments thereof were torn, ruptured, and bruised, and that his vertebræ were fractured and dislocated, and his entire nervous system was injured, shocked, and impaired so that it was necessary for appellee to walk with a stick for two months; that he suffered great physical and mental pain, and that a large knot or swollen place formed on the right portion of his body; that he is unable to stoop over without great pain; that he suffers from said fall and injury constantly; that he is compelled to treat himself constantly; that his earning capacity has been greatly impaired; and that he has been compelled to incur doctor bills to the amount of $100, and drug bills to the amount of $25.

"As acts of negligence on the part of appellant, its agents, servants, and employés, appellee alleged failure to have the car equipped with air brakes; failure of the motorman to keep a lookout for appellee; failure to keep the street car under control, and in operating said car at a high and dangerous rate of speed; the motorman engaging in conversation with persons on the front end of the car immediately before the accident, thus diverting his attention from the duties of the motorman; in failing to slow down or slacken the speed of the car as it approached Twenty-Third street; that the motorman actually discovered the perilous position of appellee in time to have averted the injury to him by the use of ordinary care, but negligently failed to do so; that all of said acts of negligence, separately and collectively, were the direct and proximate cause of appellee's injuries. Appellee asked for damages in the sum of $10,125.

"Appellant answered by general demurrer and general denial, and contributory negligence on the part of appellee, in that: (a) The place where the accident happened is open and unobstructed, and that an approaching car could have been seen for at least 300 yards. That appellee knew the tracks of appellant were on and over Sanger avenue at the place of the accident; knew that the street cars run along and over said track at regular intervals; knew that a car was due at said point, and that appellee saw, or could have seen, said street car approaching. That, without exercising ordinary care for his own safety, he walked upon and on the track of appellant immediately in front of said approaching street car. (b) That appellee, at the time alleged, had crossed or was crossing the track of appellant, and, just as appellee stepped from in front of an approaching street car, an automobile going in the same direction as appellant's car passed by, and, in order to avoid being struck by said automobile, appellee, suddenly and without warning, stepped back immediately in front of the approaching street car; and that but for the negligence of appellee he would not have been injured.

"The cause was submitted by the court to the jury on a general charge.

"The jury returned a verdict for appellee in the sum of $4,500, and the court thereupon entered judgment for appellee in said sum.

"Appellant filed its motion for a new trial in said cause on the 5th day of April, 1918, which said motion was by the court in all things overruled on the 5th day of April, 1918, to which action of the court appellant then and there in open court excepted, and gave notice of appeal to the Court of Civil Appeals for the Third Supreme Judicial District of Texas at Austin, and by order of court appellant was allowed 60 days, in addition to that allowed by law, in which to make up, have approved, and filed statement of facts and bills of exception.

"Appellant filed its supersedeas bond in said cause, which was approved by the clerk of the trial court on the 16th day of April, 1918."

### Opinion.

Appellant's brief contains but three assignments of error, and under them but two

questions are presented for decision, which are: First, that the trial court committed error in not requiring the plaintiff to submit himself to an examination by physicians to be selected by the defendant; and, second, that the undisputed testimony shows that the plaintiff was guilty of contributory negligence, and therefore the court should have given a requested instruction, directing a verdict for the defendant, and, not having done so, the verdict and judgment should have been set aside and a new trial ordered.

In the well-considered case of A. & N. W. Ry. Co. v. Cluck, 97 Tex. 172, 77 S. W. 403, 64 L. R. A. 494, 104 Am. St. Rep. 863, 1 Ann. Cas. 261, our Supreme Court held that it is proper for a trial court to refuse to compel a plaintiff, seeking to recover for injuries to his person, to submit to an examination of his person by physicians appointed by the court to ascertain the nature and extent of his injuries. Subsequently, in H. & T. R. R. Co. v. Anglin, 99 Tex. 349, 89 S. W. 966, 2 L. R. A. (N. S.) 386, that court modified the Cluck Case to the extent of holding that, when a plaintiff makes profert to the court and jury of that portion of his person alleged to have been injured, he thereby waives his right of privacy; and therefore, in such cases the defendant is entitled to have him examined by physicians of its own selection.

It is claimed by appellant that the instant case falls within that class, but we do not think the record sustains that contention. In support of that contention, appellant copies in its brief as follows, from the statement of facts:

"On cross-examination appellee testified: 'When I do suffer, I suffer from the small of my back right here, where this knot is down towards my hip, and right up in my shoulder blade like that (indicating). There is a place right here (indicating) where the most of my pain originates and comes right over where I have my hand, or about four or five inches above the belt line of my pants, and then it comes back to my side.' "

Appellee also testified as follows:

"As to whether I would now submit to an examination by physicians of the company, * * * I offered that the first day I was struck, and then I offered to you folks two months after that, and I talked to you about it. I will not do it now. I will let the jury pick out any physician in town they want and examine me. I would not let anybody examine me except set by the court or jury."

[1] The testimony does not show that the plaintiff removed any of his clothing and exhibited to the jury any portion of his person; and that relied on appellant merely indicates that while testifying as a witness, and without removing any of his clothing, the plaintiff merely used his hands for the purpose of indicating where the pain was located, which it was alleged was a result of the injury complained of. That testimony fails to show that plaintiff made profert of or exposed his person to the view of the court and jury; and therefore the case is not in the same class with the Anglin Case, and the question presented must be decided in accordance with the doctrine established by the Cluck Case. Hence we rule against appellant on the point under consideration.

We also rule against appellant upon the other point presented for decision. Upon that phase of the case the testimony sustains all of the material allegations in plaintiff's petition, and shows that, without fault on his part, he was placed in a position of peril, where he was apparently in danger of being struck and injured by an automobile, which was nearer to him than the street car, and approaching at a rapid rate of speed, and that in order to avoid such injury he stepped back so near the street car track that he was struck by the street car as it passed him. It is not denied that the motorman on the street car, who saw the plaintiff, and knew that he desired to board the car at that place, was guilty of negligence in failing to stop the car, and permitting it to pass by at a rapid rate of speed; and that but for such negligence the car would have stopped before it reached the plaintiff, and he would not have been injured.

[2] In view of the facts and circumstances referred to, we hold that it would have been error for the trial court to have instructed the jury that the plaintiff was guilty of contributory negligence as a matter of law; and we also hold that it was the province of the jury to pass upon that question, and that the testimony sustains their finding in the plaintiff's favor upon that subject.

No error has been shown, and the judgment is affirmed.