SIMPSON KING V. FEDERAL UNDERWRITERS EXCHANGE.

No. A-720. Decided January 16, 1946.
Rehearing overruled February 13, 1946.
(191 S. W., 2d Series, 855.)

*Fulmer & Fairchild,* of Nacogdoches, for petitioner.

The argument complained of (most of which is set out in the opinion of the court) was not of that nature that it was not cured by the action of the trial court in sustaining an objection to it. Collins v. Smith, 132 Texas 36, 175 S. W. (2d) 407; Safety Casualty Co. v. Wright, 138 Texas 492, 160 S. W. (2d) 238; Southland Greyhound Lines v. Cotton, 55 S. W. (2d) 1066.

*W. E. Stone,* of Jacksonville, *A. J. Thompson,* of Nacogdoches, *John T. Gano,* of Fort Worth, for respondent.

Improper argument requires a reversal of the case unless it clearly appears that no injury resulted to the other side. Ramirez v. Acker, 134 Texas 647, 138 S. W. (2d) 1054; Texas Indemnity Ins. Co. v. McCurry, 41 S. W. (2d) 215, 78 A. L. R. 760; Gulf States Utilities v. Cauthen, 72 S. W. (2d) 370.

MR. CHIEF JUSTICE ALEXANDER delivered the opinion of the Court.

This is a workmen's compensation case. The judgment of the trial court, in favor of the employee, was reversed by the Court of Civil Appeals because of alleged improper argument of counsel for the employee.

The arguments complained of and the rulings of the trial court thereon are as follows:

(1) "MR. FULMER (Counsel for employee) : You see the significance of this where you were called on if you would give the same credit to a doctor you didn't know as you would to a local doctor. If you suggested you would pay more attention to Dr. Travis than you would to any other, you would have been stricken off and couldn't (have) served. They build the entire case around prejudice of a local doctor. No doubt all of you have used them. Where is anything to throw in dispute Dr. Denman and Dr. Norton, and if Simp King had the money that Federal Underwriters has some other individual has, he could

have brought Dr. Norton or he could have come to Dr. Travis' clinic.

"MR. THOMPSON (Attorney for the insurance company) : We object to that because it is highly prejudicial and not admissible and out of this record and—

"THE COURT: The jury won't consider that remark made by counsel about money.

"MR. FULMER: The testimony shows that old Simp owes around a thousand dollars and can't work, and, of course, is not able to hire any other doctor and bring here out of his own pocket for evidence and what I had reference to the law permits him to bring it by deposition, and you are to consider it as if Dr. Norton appeared in person."

The statement of counsel that "if Simp King had the money that Federal Underwriters has (or) some other individual has, he could have brought Dr. Norton or he could have come to Dr. Travis' clinic," constituted an improper reference to the comparative wealth of the parties. But it will be noted that the court promptly instructed the jury not to consider this argument, and, under the prior decisions of this Court, the argument complained of was not so prejudicial or inflammatory in its nature that its harmful effect could not be removed by such instructions. Davis v. Hill, (Tex. Com. App.), 298 S. W. 526; Safety Casualty Co. v. Wright, 138 Texas 492, 160 S. W. (2d) 238, Par. 8. Under these circumstances it will be presumed that the harmful effect of the improper argument was removed by the instructions. Id.; Ramirez v. Acker, 134 Texas 647, 138 S. W. (2d) 1054.

The further argument of counsel along the same lines, which was made after the court had sustained the objection to the prior argument, does not appear to have been objected to, and the court was not requested to instruct the jury not to consider same. Under these circumstances no reversible error is presented.

(2) "MR. FULMER: The Court defines 'Total Incapacity.' Disability and incapacity means the same. If you were asked about total, you would think of all of it. I feel the doctors, when you ask them concerening total disability, they have in mind their version of it. I attempted to ask Dr. Smith about that and embody the legal definition and you are under to follow it. I was trying to put that in and Mr. Thompson objected to it. If I had put that in there, how do you know what Dr. Smith would have said? He might have said 'yes,' if I had got that in there.

"MR. THOMPSON: We object to the speculative evidence. That is clearly inadmissible.

"THE COURT: The jury won't consider what Dr. Smith's testimony would be."

Clearly the harmful effect, if any, of the argument above referred to was removed by the instructions of the Court.

(3) "MR. FULMER: We submit No. 9 should be 'yes' that manifest hardship will result if not paid in a lump sum instead of by the week, owing over a thousand dollars—how with $20.00 per week compensation, and I am sure you will find 60 per cent will reach $20.00 and when he gets $20.00 and one-third goes to his attorney.I hope you think the attorneys have earned it. You see what a fight he has with an attorney, and only two-thirds is left to live on, in the negro quarters and in times like this, not to speak of the thousand dollars encumbering. They could take his store and house because some of them would be willing to take you—

"MR. THOMPSON: That would be a conclusion—

"THE COURT: The jury won't consider it."

The employee had pleaded that manifest hardship and injustice would result to him unless his compensation should be paid in a lump sum. The court had submitted to the jury the issue as to the necessity of a lump sum payment. The evidence on this issue showed that the employee was an impecunious negro, dependent upon his labor for the support of himself and his family; that as a result of his injury he was unable to work; that he had contracted to pay his attorney one-third of the recovery; that he owed about $150.00 on small accounts; that he had a small store fastened onto the house where he lived; and that, in addition to the $150.00, he owed approximately $900.00 for lumber in building the house.

Under the above facts the first part of the argument above referred to was clearly pertinent to the issue of lump sum payment and was proper. In fact, it does not appear that that part of the argument was objected to. The statement by counsel that "they could take his store and house" referred to those who held the indebtedness against his property, and not to the insurance company, and was therefore not improper. The further statement, "because some of them would be willing to take you—" appears to be incomplete and its meaning obscure. The harmful effect of any of this argument was removed by the instruction of the court.

(4) "MR. FULMER: I want you to go down the line and do what you think is right, and don't take the position we are going to settle it. If they had been going to settle it, it should have been before this. They should have settled it before they got here.

"MR. THOMPSON: We object to that argument—

"THE COURT: It will be sustained."

We are not informed how the issue of settlement was brought into the case. The above argument, standing alone and unaided by other circumstances, does not disclose how the insurance company was injured thereby. Moreover, the court promptly sustained an objection to the argument, and no request was made for the court to instruct the jury not to consider it. No reversible error is presented.

The Court of Civil Appeals was of the opinion that while it might be held that no one of the arguments complained of, standing alone, would constitute reversible error, yet all of them combined were so harmful as to require a reversal. We recognize that there may be circumstances where counsel so persistently and continuously oversteps the bounds of proper argument as to require reversal even though a single breach followed by proper instructions of the court would not have that effect. The accumulation of minor breaches might have the effect of creating an improper prejudice against the opposing party, even though no one of them standing alone would have that effect. Smerke v. Office Equipment Co., 138 Texas 236, 158 S. W. (2d) 302. However, in our opinion, this record does not present such an accumulation of breaches of the rules or argument as to require a reversal under the rule above referred to.

The judgment of the Court of Civil Appeals is reversed and the judgment of the trial court is affirmed.

Opinion delivered January 16, 1946.

Rehearing overruled February 13, 1946.