**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,**

v.

**Raymond V. ROBERTS, Appellee.**

No. 15631.

Court of Civil Appeals of Texas.

Fort Worth.

June 17, 1955.

Rehearing Denied July 15, 1955.

Nelson & Sherrod and Stayton M. Bonner, Wichita Falls, for appellant.

Peery, Wilson & Spell, Wichita Falls, for appellee.

MASSEY, Chief Justice.

From a judgment for plaintiff in a Workmen's Compensation case, the defendant insurer appealed.

Judgment affirmed.

Raymond V. Roberts was an employee of Harvey Drilling Company. He was working as a member of a drilling crew for such employer in Archer County, Texas, on or about January 30, 1954. While so employed he sustained a straining type of injury to his back. Texas Employers' Insurance Association was the compensation insurer for Harvey Drilling Company.

Following his injury, Roberts lost time from work, drew Workmen's Compensation benefits, and also received medical benefits under provisions of the Texas Workmen's

Compensation Act. About three weeks after the date of injury he went back to work for the same employer and worked one day. He experienced difficulty due to the condition of his back and did not attempt to work after that occasion. Further medical benefits were received up until the time the physician treating him discharged him about April 29, 1954.

The suit was for total and permanent disability.

The trial was called, and both sides announced ready. Plaintiff's attorney evidently opened the voir dire examination of the jury panel, being followed by the attorney for the insurer. The record is silent concerning the first examination, but during the course of the examination of the panel by the insurer's attorney, the following incident occurred:

"I do represent the insurance company in this case. They have got a right to have a lawyer. They have got a right to come into Court and have it litigated just like anybody else.

"We think we have got the best company made, Texas Employers Insurance Association, created by law. There is no other insurance company that is created by law, but the State of Texas, the Legislature, set this company up, set it up by law, as an insurance company for the subscribers, whatever business they are in. In this case the Harvey Drilling Company is a drilling company; and it is set up to furnish workman's compensation insurance for the companies at cost, no profit—

"Mr. Wilson: (Roberts' attorney) Judge, just a minute. I object to that at no profit. They made over $18,000,000.00 last year, and I think that is outside the record.

"Mr. Sherrod: (the insurer's attorney) That is the most prejudicial thing I ever heard.

"The Court: You gentlemen will not consider the remark.

"Mr. Wilson: May I ask the Court to instruct the jury not to consider Mr. Sherrod's remark about the Legislature setting it up?

"The Court: I sustain the objection, and instruct the jury not to consider the remarks made by counsel for the plaintiff or by counsel for the defendant. Let's don't have anymore of those side-bar remarks.

"Mr. Sherrod: I think that is the most prejudicial remark I have ever heard, Your Honor.

"The Court: Go ahead."

When the foregoing took place the insurer's counsel informed the court that he desired to make a motion with reference to it. The court agreed that it might be done at a later time, and immediately upon the conclusion of the examination of the jury panel by both parties, counsel made a motion to quash the panel in its entirety. The motion pointed out the occurrence as outlined by the quoted statements and its prayer was premised upon the insurer's position that opposing counsel's statement, being false, was so inflammatory and prejudicial that its effect could not be removed by an instruction from the court. The motion was overruled, and counsel later merged it and what was obviously the court reporter's transcript of the statements into a Bill of Exceptions. It was submitted to opposing counsel for approval, approved without correction, also found correct by the court, who signed and approved it, and ordered filed and made a part of the record.

█ The insurer contends that a reversal of plaintiff's case is required because of this occurrence. We perceive applicability of the rules relative to harmful error because of improper jury argument, and believe that such rules should resolve the question. It is to be noted that Texas Rules of Civil Procedure, rule 434 applies and that the test of reversibility is the same as in the case of other procedural errors. Aultman v. Dallas Railway & Terminal Co., 1953, 152 Tex. 509, 260 S.W.2d 596.

It is noted that the record is silent upon the question of whether the occurrence complained of or the matters stated during the course of the dispute were ever mentioned during the course of jury deliberation. Also, it is noted that the counsel for the insurer went into the corporate structure of his client and stated matter reasonably calculated to cause the jury to be less prejudiced than usual against the insurer in a compensation suit. We believe that the statement on his part was improper, but even so, likewise was the retort made by his adversary in the course of the objection thereto.

If the insurer is correct in its contention that the effect of the remark and statement made by plaintiff's attorney could not be removed by the court's instruction, it logically appears that neither could the improper remark of insurer's counsel which was made immediately prior thereto. Either the statements counter-balanced, or tended to do so. Under all these circumstances, considered along with the record as a whole, we cannot form an opinion that the statement on the part of plaintiff's counsel amounted to such a denial of the insurer's rights as probably caused the rendition of an improper verdict and judgment. Poole v. State Highway Department, Tex. Civ.App., Fort Worth 1953, 256 S.W.2d 168, writ dismissed, w. o. j. In our view, no juror of ordinary intelligence could have been persuaded by the statements made by either party to agree to a verdict contrary to that to which he would have agreed but for their having been made. Goforth v. Alvey, Tex.1954, 271 S.W.2d 404.

In any event, under the circumstances of the case we are of the opinion that the statement of plaintiff's counsel only amounted to an improper reference to the comparative wealth of the parties. Since under the controlling authorities a prompt instruction by the trial court cures the reversibility, and since there was such an instruction in this instance, the legal presumption is that the harm thereby sustained by the insurer was removed by the instruction. Ramirez v. Acker, 1940, 134 Tex. 647, 138 S.W.2d 1054; King v. Federal Underwriters Exchange, 1946, 144 Tex. 531, 191 S.W.2d 855. We do not believe that the degree of prejudice flowing from the argumentative statement of the plaintiff (through counsel) is sufficient to have rendered it incurable in character, whether it be regarded as inflammatory or as the medium of getting improper evidence before the jury. See analysis of the question upon degree of prejudice in Texas Employers' Ins. Ass'n v. Haywood, Tex.1954, 266 S.W.2d 856.

Following the completion of the evidence, the Court's Charge to the Jury was being prepared, and counsel for the insurer submitted in the requisite form several specially requested issues. Special Requested Issues No. 7 and No. 8, read as follows:

No. 7. "Do you find from a preponderance of the evidence that Plaintiff's present incapacity, if any, is not caused partially by a condition or disease, disconnected with an injury of January 30, 1954, which occurred subsequent to January 30, 1954?"

No. 8. "If you have answered the foregoing Issue 'No', then answer what do you find from a preponderance of the evidence to be the percentage of such subsequent disease or condition inquired about in the foregoing Issue has contributed to Plaintiff's incapacity, if any? Answer in percentages, if any."

The requested submission of the issues was refused by the trial court.

As part of the insurer's answer, the following allegation appears: "Further answering, this defendant says that if the plaintiff now has any incapacity, which is not admitted, that such incapacity is due solely or partially to a prior or subsequent disease or condition, and is in no part due to the alleged injury for which he sues."

By its answers made to special issues submitted to it, the jury found as follows:

Plaintiff Roberts sustained an accidental injury while acting in the course of his employment by the Harvey Drilling Company, on or about date of January 30, 1954. He

sustained total disability following the injury, of which the injury was a producing cause. That his total disability began January 30, 1954, and has been and will be permanent in character. That he has not sustained in the past, nor will he sustain in the future, any disability which is partial in character. By additional answers, the burden of which was cast upon the plaintiff, the jury found that plaintiff's incapacity was not caused solely by any disease or condition existing before or after the date the injury was sustained, was not caused solely by any arthritic condition existing before the injury occurred, and was not caused solely by injury or injuries received subsequent to the date the injury was sustained. By an additional answer, the burden of which was cast upon the insurer, the jury found that plaintiff's incapacity was not contributed to by any injury or injuries which might have been received by him prior to the date of January 30, 1954.

Since the Compensation Act forecloses the right of an insurer to utilize the defense of contributory negligence, we are of the opinion that such usefulness as might be afforded the insurer by issues such as its Special Requested Issues Nos. 7 and 8 could only fall within the provisions of art. 8307, sec. 4, T.R.C.S., Vernon's Ann.Civ. St. art. 8307, § 4, material parts of which provide an injured employee's compensation may be reduced or suspended where the "employee shall persist in insanitary or injurious practices which tend to either imperil or retard his recovery, * * *. No compensation shall be reduced or suspended under the terms of this Section without reasonable notice to the employee and an opportunity to be heard."

The insurer contends that it tried the case on the theory that plaintiff's incapacity was caused in part by reason of the fact that he persisted in maintaining a posture which threw an unusual and unwarranted strain upon his back and legs, and that his maintenance of such posture was disconnected with his injury of January 30, 1954, and began subsequent to the time of such injury. Further, it is the insurer's conten-

tion that the maintenance of such posture contributed in part to the disability of which he complains.

■ In view of the provisions above quoted, an insurer would have had to allege and prove a request to and a refusal by a claimant to refrain from the practice which it contends to have been injurious before it would have been entitled to a submission of such issues as here requested. Texas Employers' Ins. Ass'n v. Galloway, Tex.Civ.App., Austin 1931, 40 S.W.2d 973; Travelers Ins. Co. v. Mote, Tex.Civ.App., Amarillo 1938, 116 S.W.2d 427. In the present instance, there was a want of both pleading and proof, therefore the trial court properly refused to submit the issues. Traders & General Ins. Co. v. Ross, Tex.Civ. App., Texarkana 1935, 88 S.W.2d 543 (reversed on other grounds, 131 Tex. 562, 117 S.W.2d 423). See also Goff v. Texas Employers' Insurance Association, by this Court, just reported in 278 S.W.2d 326. In that case, issues supported by evidence were submitted without objection despite faulty pleadings. Findings returned in answer thereto were ignored. Here the issues were refused.

■■ We do not believe that the insurer's allegations are sufficient to be considered as a plea in avoidance under provisions of T.R.C.P. rule 85, relative to that special defense, and within the cases relative to mitigation of damages or disability. But even if they should be so considered, we are nevertheless of the opinion that an insurer should plead and prove requests made by it to a claimant and refusal of its requests to mitigate disability before it would be entitled to have issues thereon submitted to a jury in a compensation case.

■ In the Court's Charge the term "producing cause" was defined as "that cause which, in a natural and continuous sequence, produces the disability, if any, inquired about and without which the disability, if any, would not have occurred. There may be more than one producing cause of a disability." The insurer objected to the definition on the ground that by

it the jury was not limited to an injury as being a producing cause, the evidence having developed that the claimant's condition was brought on by his own manner or method of holding his body in a certain position; not limited to the cause as pleaded, or such causes as were pleaded and proven in connection with his injury on January 30, 1954. Assuming, under the circumstances of the case, that the definition was subject to the complaint made of it, though we do not believe that be true, nevertheless any error was obviated by the jury findings to the effect that the claimant had not sustained and will not sustain any partial disability as a result of the injury on January 30, 1954, but that following the injury he sustained total disability, permanent in character, of which the injury was a producing cause.

The judgment is affirmed.