Ben GRAGG and Essex Stamps, Individually and D/B/A Southside Cab Company, et al., Appellants,

v.

G. T. WILLIAMS et ux., Appellees.

No. 15875.

Court of Civil Appeals of Texas.

· Fort Worth.

Jan. 31, 1958.

Rehearing Denied Feb. 28, 1958.

Jack Ray and G. Gordon Whitman, Fort Worth, for appellants.

Spurlock, Schattman & Jacobs and Denning Schattman, Fort Worth, for appellees.

RENFRO, Justice.

Appellees have filed a motion to strike the statement of facts on the ground same was not timely filed.

■ Appellants' amended motion for new trial was overruled on May 16, 1957. On July 15, appellants filed a motion in the District Court for extension of time to file the statement of facts. On July 18, 1957, appellants filed a motion in this Court requesting an extension of time for the filing of the statement of facts. The motion sets out that prior to the filing of the transcript in the Court of Civil Appeals, and within a period of sixty days after appellants' motion for new trial was overruled by the trial court, appellants' counsel sought approval of the statement of facts by counsel for appellees but counsel for appellees declined to approve the statement of facts; that the trial judge was absent on vacation during the month of July and would not return until about the first of August. The motion for extension was filed in this Court within the time provided by Rule 386, Texas Rules of Civil Procedure. On August 6, 1957, this Court granted the extension to August 10, and the statement of facts was filed in this Court on August 7, 1957, bearing the August 6 attestation of the trial judge. Being of the opinion good cause was shown by appellants' motion for extension, the appellees' motion to strike is overruled.

The appellees, G. T. Williams and wife, recovered judgment against appellants, Southside Cab Co., a partnership composed of Essex Stamps and Ben Gragg, the partners individually, and E. B. Jones, driver of appellants' cab, for personal injuries sustained by Mrs. Williams when her car was struck in the rear by a cab driven by Jones, for doctor's and medical bills, and for damage to appellees' car.

Appellants' first two points of error allege they were entitled to verdict because, under the state of the pleadings, the matters alleged in their cross-action were admitted by appellees in that they did not file a denial to the cross-action until both sides had completed their evidence.

■ The appellees' petition alleged numerous acts of negligence against appellant Jones. Appellants' answer pleaded a number of alleged acts of contributory negligence on the part of Mrs. Williams. By cross-action, the alleged acts of contributory negligence were pleaded affirmatively. The case was tried and contested fully on the question of negligence and proximate cause. The case was submitted to the jury and all questions, including defensive issues on contributory negligence, were answered favorably to appellees.

Appellants do not complain of any evidence they were deprived of offering, and do not complain of the refusal of the court to submit any issues requested by appellants. Appellants have not pointed out in any manner how they were prejudiced by the filing of the trial amendment denial under permission of the court. The first two points of error are accordingly overruled.

■ In point three appellants contend the evidence dictated an affirmative answer to issues 32, 33 and 34. Said issues inquired if Mrs. Williams brought her car to a stop without giving a proper brake-light signal, and if such act was negligence and proximate cause. The jury answered that Mrs. Williams did not fail to give such signal. The collision occurred at 2:30 P.M. Appellant Jones testified Mrs. Williams did not give a rear brake-light signal, but in another portion of his testimony stated he was not paying any attention to the lights. Mrs. Williams testified the brakes and lights were in good working order, she applied her brakes as she approached the intersection signal lights, and that before her

car was moved from the scene the brake lights were tested and were still in working order. The evidence supports the jury finding. The point of error is overruled.

Point four claims error in that the "subject of insurance was brought before the jury."

Appellees' petition included items amounting to $116.50 for damages to their car. During the trial considerable evidence was introduced as to the extent of the damages and estimates of repair. On cross-examination appellants' counsel asked Mrs. Williams why she did not take the car to her brother right after the accident for an estimate. She answered, "Because he is not an authorized dealer, and I was informed that I should get an authorized dealer's estimate on the damage to the car." The answer was followed by the question, "By whom were you so informed?" The witness answered, "By my insurance company." So the subject of insurance was injected as a result of a direct question by appellants. Later, on re-direct examination, appellees' attorney asked Mrs. Williams, "Did you have any insurance coverage for *your car to fix it up?*" The question was not answered and the court promptly instructed the jury not to consider the matter. Later in the trial, appellants moved for a mistrial because "there is in the minds of the jurors in this case the knowledge and information that plaintiffs do not have insurance coverage for said damages alleged to have been sustained by them * * *" and appellants had been prejudiced thereby. Their motion for new trial merely stated that plaintiffs' counsel brought before the jury the fact that plaintiffs did not carry insurance.

■ Appellants argue that the question, unanswered, as to whether Mrs. Williams had insurance to fix her car raised the inference that appellants did have insurance. We cannot agree. Such a conclusion is too highly speculative and remote to be indulged. H. J. Heinz Co. v. Ashley,

Tex.Civ.App., 291 S.W.2d 427. If any inference as to liability insurance was to be drawn, the only reasonable conclusion would be that appellees had liability insurance, for Mrs. Williams stated, in answer to appellants' question, that she was advised by her insurance company to take the car to an authorized dealer. Surely an inference that appellees had liability insurance did not raise an inference in the minds of twelve impartial jurors that appellants had insurance. The question by appellees' attorney was improper and should not have been asked; however, whether the unanswered question as to collision insurance under the facts and attendant circumstances heretofore related and as more fully shown by the record was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case is a question we must determine as a matter of our judgment in the light of the record as a whole. Southwestern Greyhound Lines v. Dickson, 149 Tex. 599, 236 S.W.2d 115; Roosth & Genecov Production Co. v. White, Tex.Civ.App., 281 S.W.2d 333. In view of the record as a whole, it is our view that no juror of ordinary intelligence could have been persuaded by the complained of question, under the attendant circumstances, to agree to render a verdict contrary to that which he would have agreed but for the question having been asked. Goforth v. Alvey, 153 Tex. 449, 271 S.W.2d 404; Texas Employers' Ins. Ass'n v. Roberts, Tex.Civ.App., 281 S.W.2d 104.

Appellants' last point contends the appellants' motion to require Mrs. Williams to submit to an examination by physicians for the reason that she had in the presence of the jury made a voluntary exhibition of her alleged physical infirmities should have been granted.

Appellants' motion, made after Mrs. Williams had testified, made no mention of voluntary exhibition before the jury. The motion merely recited that appellants had requested her to submit to an examination by a physician selected by appellants or by a doctor agreeable to all parties, but the request had been refused and that because of such failure the "inability so to prepare their defense greatly prejudices their cause."

We fail to find in the record where Mrs. Williams demonstrated her physical injuries to the jury. She did testify fully, both on direct and cross-examination, to the extent and effect of her injuries. True, she wore a neck brace but so far as we can find she did not demonstrate the extent of impaired movement with or without the brace, except by her oral testimony.

The case comes within the general rule as announced in Texas Employers Ins. Ass'n v. Hatton, 152 Tex. 199, 255 S.W.2d 848, 851, wherein it is stated: "It is well established in the jurisprudence of this state that in the absence of a statutory requirement to the contrary, an injured litigant cannot be compelled to submit himself or his injured parts to an examination by his adversary or even by an impartial examiner." The injured party does not lose his immunity from involuntary examination merely because he points out to the jury the part of his body that has been injured or in which he suffers pain. Texas Electric Ry. v. Rowell, Tex.Civ.App., 211 S.W. 788; Safeway Stores v. Rutherford, Tex.Civ. App., 101 S.W.2d 1055, affirmed 130 Tex. 465, 111 S.W.2d 688; 24–A Tex.Jur., p. 542, sec. 6. The fact that appellees offered x-ray pictures to show the condition of some portion of Mrs. Williams' body resulting from the injuries was not such an exhibition of the affected parts as to constitute a waiver of her right to refuse to submit to a physical examination. Kirkpatrick v. Neal, Tex.Civ.App., 153 S.W.2d 519.

While there is considerable difference and variance between appellants' objections during the trial, their allegations in the amended motion for new trial and the points of error briefed in this Court, we have given serious consideration to all mat-

ters presented, and from our study of the entire record we are convinced that no error was committed by the trial court such as was calculated to cause and did probably cause the rendition of an improper judgment.

Judgment affirmed.