**POOLE et al. v. STATE HIGHWAY DEPARTMENT et al.**

No. 15415.

Court of Civil Appeals of Texas.
Fort Worth.

March 6, 1953.

Rehearing Denied March 27, 1953.

E. W. Napier, of Wichita Falls, for appellants.

Nelson, Montgomery, Robertson & Sellers, of Wichita Falls, for appellee, Mrs. Lena Bailey.

MASSEY, Chief Justice.

Shirley Bailey, an employee of the Texas State Highway Department, was killed under circumstances occasioning payment of death benefits under the Texas Workmen's Compensation Act. Vernon's Ann.Civ.St. art. 8306 et seq. He left his widow, Mrs. Lena Bailey, who had been his wife for approximately eighteen months, and two children, one of whom was Helen Poole. The compensation division of the Highway Department acknowledging liability for death benefits had been paying fifty (50%) per cent workmen's compensation benefits to the widow and was withholding the payment of the other fifty (50%) per cent pending disposition of a claim by Helen Poole that at the time of the death of her father she was his dependent within provisions of the Workmen's Compensation Act, and as such was entitled to share in these benefits.

Suit was filed by Helen Poole and her husband, Paul E. Poole, as plaintiffs, as against the Texas State Highway Department and Mrs. Lena Bailey, surviving wife of the deceased, to settle the question of dependency alleged by Helen Poole. The Highway Department asserted its status of the nature of interpleader, taking interest only as a stakeholder, and the actual parties at interest upon the issue were Mrs. Poole and Mrs. Bailey.

Trial was to a jury upon special issues and the jury refused to find that Helen Poole was, at the time of the death of her father, partially dependent upon him for support. From a judgment rendered awarding all of the compensation benefits to Mrs. Bailey, the plaintiffs appeal.

The trial court being within that class of courts subject to the special practice act, Texas Rules of Civil Procedure, rule 330 et seq., are applicable with reference to judgments and motions for new trial. Judgment was rendered on September 17, 1952. Plaintiffs' original motion for new trial was filed on September 26, 1952, within the ten days' time provided for such, and a first amended motion for new trial was filed at 9:25 a. m. on October 13, 1952, within the twenty (20) day period subsequent to filing of the original motion. A second amended motion for new trial was filed at 1:15 p. m. on the same date, and said second amended motion, including errors assigned

therein, was on the same date overruled, to which exception was taken and notice of appeal given, and which is the appeal presented to this court. Cost bond on appeal was filed by appellants Helen Poole and husband on November 7, 1952, twenty-four (24) days after the second amended motion for new trial was overruled, and the statement of facts was filed fourteen (14) days later, both events occurring prior to date either of said amended motions would have been overruled by operation of law.

In the course of the cross-examination of the appellant Mrs. Poole, there was introduced a written contract of settlement between herself and the appellee, disposing of the personal property of the estate of the deceased, inventory as to which was a part thereof. The contract described properties in the inventory and provided as to certain of them, for interests therein and disposition thereof. Contract and inventory were offered as a "package" as Defendant's Exhibit No. 1. The objection taken to the introduction of such "written instruments that are being offered by the Defendant" was grounded upon their being matters occurring after the death of the deceased, therefore having no bearing on the matters at issue on dependency at date of death, and admission thereof would be prejudicial. There was no objection to the introduction of the exhibit as being upon a matter not raised in the course of the direct examination of the witness, or for any ground other than as stated. In her brief the appellant admits the admissibility of the inventory which was introduced as a part of and along with such Exhibit No. 1, but contends her objection was good in so far as the introduction of the contract was concerned, and assigns such introduction as error.

■ Where evidence which is in part unobjectionable is offered, a general objection to all is not reviewable. In other words, an objection to be available on appeal should be addressed to that particular part of the evidence or testimony that is subject to objection. 3-A Tex.Jur., p. 212, § 165.

Furthermore, the contract is admissible under a waiver on the part of the appellant.

Subsequently, during the introduction of the testimony of Mrs. Bailey, the appellee, her attorney showed by her the existence of the contract and the receipt thereby on the part of the parties thereto of interest in the property of the inventory without objection to such grounded on the admissibility of the contract, but on the ground that the contract, which was in evidence, spoke for itself; and then when the attorney for the appellant took this witness on cross-examination he showed by her the fact that the matters in such contract and inventory had formerly been the subject of dispute between the parties, at a time when she had not theretofore testified in any respect with reference to their having been the subject of a dispute. In so showing this by the adverse witness, appellant's attorney demonstrated applicability not only of appellee's bias but also showed that of the appellant.

■ Even though an objection to testimony as improper is made, permitting the same testimony by subsequent witnesses without further objection may render the objection unavailable on appellate review. 3-A, Tex.Jur., p. 209, § 164. And where a party offers himself the same testimony in substance as that to the introduction of which he has objected when offered by his opponent, he should not be heard to complain about the matter. Chesshir v. Nall, Tex.Civ.App., Amarillo 1949, 218 S.W.2d 248, error refused, n. r. e.

For the same reasons is the appellant's contention untenable that introduction of evidence showing the receipt by her of insurance benefits, or benefits in the nature thereof, resulted to her prejudice as occurring subsequent to the date of the death of the deceased. Appellant showed the same matter during the course of cross-examination of Mrs. Bailey and at a time when she had not, theretofore, testified in any way with relation thereto.

Appellant contends that error to her prejudice has occurred by reason of the wrongful exclusion of testimony from Paul Poole, the husband of the appellant, Mrs. Poole, as follows:

"Q. Have you been able to save enough to pay for an operation for your wife? A. No, sir, I have not.

"Q. If your wife needed an operation, have you at any time been able to give it to her? A. No, sir."

After the answer last made, the appellee objected as follows: "If the Court please, we object to that as speculating on matters that's completely out of the record, that are not pertinent to this inquiry at all * * *." and the court sustained this objection. There was no request ever made that the jury be instructed to disregard the questions and answers they had heard, and no such instruction was given to the jury. The appellant never offered any additional testimony, the right to introduction of which was denied her.

██ Where testimony is in the record before objection thereto is made and sustained and no motion is made to strike it out, it is before the appellate court for all it is worth. 3–B Tex.Jur., p. 294, § 877. Likewise, testimony before the jury before objection thereto is made and sustained is still before them until they are instructed not to consider it. 3–A Tex.Jur., p. 213, § 166. Under authority of the above, the appellant had before the jury all the testimony on the point in question that she offered, and no testimony offered was withdrawn from the jury's consideration.

██ Appellant also complains of the allowance of the appellee to introduce to the jury over her objection to its inflammatory character immaterial evidence relating to a time subsequent to the date of death of the deceased, and disclosing to the jury the fact that the appellee had, subsequent to the date of the death of the deceased, found that she was suffering from a tumor in her head, and was unable to work, and could not use her arms and hands in the profession of clerk-typist, which was her only experience, etc. The evidence was immaterial upon the issue of appellant's dependency in this case at the date of death of the deceased. It was prejudicial testimony and testimony reasonably calculated to enlist the sympathy of the jury for the appellee, a woman up in years, widowed,

and unable to earn a livelihood, as opposed to a young woman whose husband was currently earning a good salary and beginning to be able to live comfortably. There was no showing that there was any further action by attorney for appellee to use such testimony in his argument to the jury. There was no showing that any juror had mentioned it to another during the course of their deliberations. The introduction of the evidence stands completely alone in the record with the proper objection having been taken to its admissibility. It constitutes a prime example of an occasion calling for the application of Texas Rule of Civil Procedure No. 434.

The applicable part of Rule 434 reads: "no judgment shall be reversed on appeal * * * on the ground that the trial court has committed an error of law in the course of the trial, unless the appellate court shall be of the opinion that the error complained of amounted to such a denial of the rights of the appellant as was *reasonably calculated to cause* and *probably did cause* the rendition of an improper judgment in the case, * * *." (Emphasis ours.)

Under the doctrine of harmless error, our courts have always declined to disturb a ruling of judgment of the trial court, although palpably erroneous, where it appeared that no injury resulted to the complaining party. Rule 62a (now Rule 434) merely enlarged this doctrine, so as to cast upon the complaining party the burden of showing at least that the error probably resulted in prejudice. Golden v. Odiorne, Com.App.1923, 112 Tex. 544, 249 S.W. 822, 823; Texas Power & Light Co. v. Hering, 1949, 148 Tex. 350, 224 S.W.2d 191.

██ By virtue of the provisions of Rule 434, the appellate court is made the body to judge whether the appellant has been harmed by the error complained of. In making this determination the appellate court will determine this question from a consideration of the record as a whole. Texas Power & Light Co. v. Hering, supra.

A somewhat analogous case to this is that of Ligon v. Green, Tex.Civ.App. Fort Worth 1947, 206 S.W.2d 629, error refused, n. r. e., in which case the defendant in the trial court was shown by the testimony not

to be present in court when the trial was in progress by reason of the fact that he was in poor health and had been for about two years and had had several bad heart attacks, and was very nervous. The trial court admitted the testimony for the purpose of showing why the defendant was not present upon the trial, and instructed the jury not to consider it for any other purpose. Upon the hearing on the motion for new trial by the plaintiff, who had lost in the trial court, two jurors testified that during the course of the deliberations by the jury upon the issues that it was there stated that the defendant was sick at home with heart trouble and that a verdict against him might kill him. The appellate court held that in its opinion this testimony would not have been the probable cause of the finding that the plaintiff was guilty of the contributory negligence found against her by the jury, which was the basis of a judgment for the defendant, but that no doubt if it had such force as would have affected a finding by the jury it would have been upon the issue of the defendant's primary negligence, which was found against defendant rather than for him.

■ In the case at bar, it was developed in the course of the testimony that a little son of Mrs. Poole suffered, and had suffered for some time, a serious heart condition; that Mrs. Poole was herself suffering from ulcers of the stomach and a stripping of the lining of her colon (though this condition was not shown to have been known to her father prior to time of his death); and also it was shown that another daughter of the deceased, a sister of Mrs. Poole, at a time subsequent to the death of the deceased, was believed by her doctor to have an incurable disease. Such testimony tended to counterbalance that testimony put into the record by appellee. Under such circumstances, we cannot form an opinion from the record as a whole that the allowance of the testimony as to the condition of health of Mrs. Bailey at a time subsequent to date of death of the deceased amounted, in the absence of anything shown in supplement by appellant demonstrating that such allowance probably resulted to her prejudice, to such a denial of the rights of the appellant as probably did cause the rendition of an improper judgment in the case, even granting that the testimony admitted was reasonably calculated to cause the rendition of an improper judgment.

The views herein expressed render it unnecessary to discuss the contention of appellee, under authority of Independent Life Ins. Co. v. Work, District Judge, 1934, 124 Tex. 281, 77 S.W.2d 1036, and Freedman Packing Co. v. Harris, Tex.Civ.App. Galveston 1942, 160 S.W.2d 130, writ refused, w. m. Appellee contends that the second amended motion for new trial filed by appellant is a nullity, supplying no basis for appeal, even though filed in time in so far as such related to the time of filing the original motion for new trial. Our holding not occasioning a necessity to do so, we purposely do not write on this contention.

All assignments of error by the appellants are overruled and judgment of the trial court is affirmed.