TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,

v.

Alvin Lee HADLEY, Appellee.

No. 12968.

Court of Civil Appeals of Texas.

San Antonio.

April 25, 1956.

Lewright, Dyer, Sorrell & Redford, James W. Wray, Jr., Corpus Christi, for appellant.

Hill, Brown, Kronzer & Abraham, W. W. Watkins, W. James Kronzer, Houston, for appellee.

POPE, Justice.

Texas Employers' Insurance Association appealed from a judgment on a jury verdict which awarded Alvin Lee Hadley lump sum compensation for 400 weeks total disability at $25 per week. The appeal is predicated upon four points which complain that the insurer was prejudiced by counsel's argument and one point which states that the verdict of total disability for 400 weeks is supported by no evidence and is against the overwhelming weight of the evidence. We find no merit in the last point, but will discuss those concerning the jury argument.

In the closing argument, counsel for the employee argued that the insurer stopped compensation payments before the employee was able to go back to work, and that the insurer in effect told him, "Do what you are big enough to do, if anything." Appellant objected and moved for an instruction to disregard the argument, because it was immaterial, was intended to incite a feeling of wrong or hurt in the jury's mind, and was not true to the evidence. Appellee's counsel answered the objection by stating that the argument was true to the evidence and was made in answer to appellant's argument. The court overruled the objection and gave no instruction. However, after the objection, counsel ceased his argument of that nature and did not again return to it.

The record supports that part of the argument which states the compensation was terminated before employment commenced again. The employee stayed in the hospital at Mathis, Texas, for several weeks and remained in Mathis four weeks after getting out of the hospital. He testified that he then moved his pregnant wife and two children to Palacios to live with his father, in whose five-room house eight other persons already resided. The record shows that the employee testified without objection as follows:

"Q. How long did you continue to live there with your daddy? A. I continued to live there about three months. They cut my compensation off so I had to do something.

"Q. Were you working when they cut your compensation off? A. No.

"Q. You mean they stopped you even though you were not able to do anything at all? A. That's right."

Insurer showed that the employee obtained work as a truck driver in less than five months after the accident and earned more than he previously earned in the oil fields. The employee rebutted that evidence by proof that he returned to work under necessitous circumstances and before he was physically able to work. In a sense, the insurer argued: "Hadley was able to work so we cut off his compensation." The employee responded: "The insurer made me go to work when I was not physically able to work, and told me to do what I was big enough to do." The court in overruling the objection to the argument must have given some weight to employee's contention that the argument was invited. Sternenberg v. Marshall, Tex.Civ.App., 257 S.W.2d 312, 319; Cannady v. Dallas Ry. & Terminal Co., Tex.Civ.App., 219 S.W. 2d 816, 822. See, Texas Employers' Ins. Ass'n v. Poe, 152 Tex. 18, 253 S.W.2d 645; Panola Motor Co. v. Corbin, Tex.Civ.App., 253 S.W.2d 688.

Insurer's second objection concerned the employee's comments about insurer's employment of local counsel. After the jury was questioned, but before the parties had exercised their strikes, the insurer told the employee that it had employed local counsel who had not theretofore appeared before the jury. The jurors were reconvened so the employee could question the panel touching their relationship with local counsel. In the closing argument, the employee made light of insurer's employment of local counsel. He argued:

"Mr. Watkins: Mr. Miller—you saw how he came into the case. I have just known him these three days and I have come to like him. I think he is a fine man and I am as sincere when I say that as I am when I speak of my

client. I don't know Jimmy—I never saw Jimmy before neither. I am representing my client but you saw the circumstances under which John was brought into this case. I am glad he came into the case. He and Jimmy will admit I agreed to it. Jimmy came back and talked to the Court and said he wanted to come in and I said, 'Fine, fine, I will be glad to have him.' I could have went out and got local counsel if I had the money but I didn't. I am down here from Houston but everybody has treated me well. I have no complaints. I am glad to see John get the chance to make his speech. I know you like him; you voted for him; but here is the thing that sticks in my craw about that: How did John get into the case? You all saw this bushy-haired insurance adjustor running around the courtroom—

"Mr. Wray: Counsel is not stating the facts of how John Miller got into the courtroom.

"The Court: I will sustain that objection.

"Mr. Watkins: He didn't get in here until the case had already started. Something went wrong. I don't know what was wrong. Maybe they saw yesterday what serious shape this boy was in. They weren't afraid of me. They said maybe they better call in some reserves after the jury had already been selected. They brought him in. * * *

"Mr. Miller: I did get in the case before the jury was selected.

"Mr. Watkins: I am sorry John. I didn't mean to misstate that. That's right, he was in the case before the jury was selected, but they just thought John's presence might influence one of your jurors just a little bit. Maybe because John came in you feel it is harder on me. I am a big enough boy to know that. I was born up in the Arkansas hills but they thought John might influence the thinking of one

of you. No offense to John. I am glad he got in the case. I would be glad to see him make a little fee from it."

The court sustained the objection insofar as it referred to the "bushy-haired adjuster," which, in our opinion, was outside the record and the most serious transgression of counsel. No further reference to that matter was made by counsel. No objection was directed to the remark, "I could have went out and got local counsel if I had the money but I didn't." We do not consider that matter within the point, since it is neither alluded to nor briefed. Counsel's objections and motion for an instruction and a mistrial were overruled. Appellant cites Texas & N. O. R. Co. v. Wilkerson, Tex.Civ.App., 260 S.W.2d 912, as an illustration of reversible error for censure and criticism of counsel. The case stands out in vivid contrast to this one. We have in this case some teasing of negligible duration. In the Wilkerson case we have pages of name-calling and argument of matters wholly outside the record and beyond those things which transpired in the presence of the jury. Mr. Justice Garwood, in Wade v. Texas Employers' Ins. Ass'n, 150 Tex. 557, 244 S.W.2d 197, 201, said: "We judge by the degree of the vice, not merely the subject matter of the argument." See Karotkin Furniture Company v. Decker, Tex.Com.App., 50 S.W.2d 795.

■ Appellant's third point complains that the employee argued the effect of the verdict to the jury by asking for 400 weeks compensation at $25 per week, and that a percentage of disability would be the equal percentage of $10,000. The point further complains that the employee argued he had only one day in court, and that years later he can not come back to the judge to get more money. Appellant's objection and motion for mistrial were both overruled. The trial judge qualified the bill of exception by stating that the voir dire examination, pleadings and oral statement to the jury advised the jury of a claim for 400 weeks at $25 a week. In fact, the employee so testified without objection. The trial court further qualified the bill by stating

that the argument was material to the lump sum issue which was submitted to the jury. Because the issue of lump sum payment was in the case, the employee had a greater range not only of evidence but also of argument.

"The issue, it is said, is to be determined from all the facts in evidence, such as poverty, lack of relationships wherein others are bound for the support of the claimant, need for help in personal affairs, necessities requiring expenditures that will leave nothing if compensation is paid weekly, and the possibility of handling a lump sum so as to produce revenue or by way of investments resulting in enhanced assets. Thus it may properly be shown that the prudent investment of the lump sum will enable the claimant to make a living for his family, or pay his bills and buy a home for himself and his dependent children." 45 Tex.Jur., Workmen's Compensation, § 226.

With this background in which the employee was seeking the lump sum by reason of manifest hardship and injustice, and the record showing that he sought $25 per week for the period permitted by law, we are of the opinion that the argument did no more than tell the jury what was already before it without objection, and what it already knew, or would learn by the simple arithmetic involved. Burrow v. Davis, Tex.Civ.App., 226 S.W.2d 199, 206; Alpine Telephone Corporation v. McCall, Tex.Civ.App., 195 S.W.2d 585, 592; Federal Underwriters Exchange v. Coker, Tex. Civ.App., 116 S.W.2d 922, 927.

The other part of the argument complained of is the "one day in court argument." The part of the argument pertaining to that phase of the bill was:

"Let me say this: This is Hadley's only day in Court. He can't come back and ask for more money. If you see him two years from now on the street or somewhere and see him say, 'Hadley, I didn't think you were that badly hurt, let's go back and see Judge Martin and see if we can't get you more money.' You only have one day in Court. This is Alvin's day. When he leaves here after your verdict comes in he has had it, to use a plain expression. Think of his little kids."

The last sentence was permissible argument under the lump sum issue, and the objection made to the balance of the argument, as we interpret the bill, was that the argument was inflammatory. We do not consider it inflammatory.

■ The fourth point is that these errors had a cumulative prejudicial effect. The arguments are fairly comparable to those discussed in King v. Federal Underwriters Exchange, 144 Tex. 531, 191 S.W. 2d 855, wherein the Supreme Court decided there were no grounds for reversal. Alpine Telephone Corporation v. McCall, supra.

Rules 423 and 503, Texas Rules of Civil Procedure, tolerate some errors. Though not perfect and wholly circumspect, the faulty arguments were not dwelt upon, were not intense or severe, were not magnified by other matters in the record, and when objections were made, though not sustained, the offending counsel ceased and did not again return to the argument.

In Rogers v. Broughton, 277 S.W.2d 121, this Court reviewed the development of the former rule of presumed harm and its displacement by Rule 434, T.R.C.P. Aultman v. Dallas Railway & Terminal Co., 152 Tex. 509, 260 S.W.2d 596. Rule 503, T.R.C.P., declares that reversal should result only when the error was reasonably calculated to cause and probably did cause the rendition of an improper judgment "In our view no juror of ordinary intelligence could have been persuaded by that argument to agree to a verdict contrary to that to which he would have agreed but for such argument." Goforth v. Alvey, 153 Tex. 449, 271 S.W.2d 404. Speaking of prejudicial evidence, the Supreme Court stated: "There is in the record evidence upon which an impartial and unprejudiced jury could reach the very verdict the jury

did reach in this case. Cole v. Waite, [151 Tex. 175] 246 S.W.2d 849." Texas Employers' Ins. Ass'n v. Poe, 152 Tex. 18, 253 S.W.2d 645, 646; Hobbs v. Slayton, Tex.Civ.App., 265 S.W.2d 838; Poole v. State Highway Department, Tex.Civ.App., 256 S.W.2d 168; Highway Ins. Underwriters v. Dempsey, Tex.Civ.App., 232 S.W.2d 117. And we repeat the Supreme Court again: "We judge by the degree of the vice, not merely the subject matter of the argument." Wade v. Texas Employers' Ins. Ass'n, 150 Tex. 557, 244 S.W.2d 197, 201.

The judgment is affirmed.