John Henry MACIAS, Appellant,

v.

**CHARTER OAK FIRE INSURANCE COMPANY, Appellee.**

No. 6520.

Court of Civil Appeals of Texas, El Paso.

Nov. 24, 1976.

London & Stokes, Jack W. London, Tony Korioth, Austin, for appellant.

Groce, Locke & Hebdon, Ray A. Weed, J. Michael Myers, San Antonio, for appellee.

OPINION

PRESLAR, Chief Justice.

This is a workmen's compensation case involving sufficiency of the evidence on the issue of partial disability and propriety of jury argument. Based on a jury verdict, a take nothing judgment was entered. We affirm.

This compensation claim is for an injury occurring on November 8, 1973, when the claimant, John Henry Macias, dislocated his

right shoulder. The injury was repaired by surgery, and the jury found a total incapacity of a duration of twenty-three weeks; the jury found no partial incapacity. The carrier had already paid for twenty-five weeks of disability, hence the take nothing judgment.

Special Issue 2 inquired: "Was such injury a producing cause of any partial incapacity?"—to which the jury answered "no." Appellant assigns error in this finding by his points of error one, two, and three, asserting that there was no evidence to support the jury's answer, that the evidence was insufficient, and that the finding was against the great weight and preponderance of the evidence. In passing on these points of error, we follow the familiar rule of law that an appellate court in passing on the legal question of "no evidence" will view the evidence in its most favorable light, considering only the evidence and the inferences which support a jury finding and rejecting inferences to the contrary. *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965). And in passing on the factual situation of the sufficiency or preponderance of the evidence, all of the evidence, both pro and con, is considered. Calvert, "No Evidence" and "Insufficient Evidence," 38 Tex.L.Rev. 362 (1960).

Our review of the statement of facts under these rules leads to the conclusion that the points of error one, two, and three should be overruled. The injury of November 8, 1973, was the fourth shoulder separation that the claimant had suffered within a period of some six months. Because of these series of dislocations, it is possible to confuse the evidence on the question of disability; only the injury of November 8th is involved in this case, and the very narrow issue under review is whether such injury of November 8th was a producing cause of any partial incapacity. The question is not whether he is now partially disabled, but whether any such disability or incapacity was caused by the injury of November 8th. For instance, Dr. Dennison, who performed surgery on the claimant after the fourth dislocation, gave him a five percent disability, yet the Doctor testified that the shoulder is now a better shoulder than it was before the November 8th injury; he further explained that it is not as good as it was before it was dislocated the first time, and that prior to November 8, 1973, he was unable to perform the ordinary functions expected of a working person, but that after the surgery the claimant could perform any sort of job he wanted to do. We are of the opinion that there is some evidence to support the finding of the jury, and that such finding is not against the great weight and preponderance of the evidence that the injury of November 8, 1973, was not a producing cause of any partial incapacity of the claimant.

Issue 2 cited above was followed by Issues 2A, 2B, and 2C regarding the beginning date of any disability, its duration, and the wage capacity during any partial incapacity. The jury was instructed to answer these issues only if they answered Issue 2 in the affirmative. They answered that issue "no" and did not answer the conditional issues. Appellant's points of error four through thirteen regarding the sufficiency of the evidence to support the jury's answers to these unanswered issues are therefore without merit and are overruled.

Appellant's points of error thirteen through seventeen all relate to the disclosure by the Appellee's attorney during final argument that a certain amount had been stipulated to as an average weekly wage. Counsel for Appellee told the jury that the parties had agreed or stipulated that the claimant had an average weekly wage immediately prior to November 8, 1973, of $162.73. It is settled law that before a judgment of reversal may be entered based upon argument of counsel, it must appear that such argument was improper and calculated to cause, and probably did cause, the rendition of an improper verdict. *Utica Mutual Insurance Company v. Jacobs*, 483 S.W.2d 500 (Tex.Civ.App.—Houston [14th Dist.] 1972, no writ); *Aultman v. Dallas Railway & Terminal Co.*, 152 Tex. 509, 260 S.W.2d 596 (1953); and *Goforth v. Alvey*, 153 Tex. 449, 271 S.W.2d 404

(1954). Another rule applicable here is whether a juror of ordinary intelligence could have been persuaded by the argument to agree to a verdict contrary to that to which he would have agreed but for such argument. *Goforth v. Alvey*, supra. And to make that determination, the reviewing court is to look to the entire record. *Gomez Leon v. State*, 426 S.W.2d 562 (Tex.1968).

■ We conclude that any error in mentioning the stipulated wage rate was harmless. The only issue which the matter could have related to was Issue 2C by which the jury was asked to find the Plaintiff's average weekly earning capacity during partial incapacity. This was an issue not reached by the jury because they had found by Issue 2 that there was no partial disability. The points of error are overruled. The judgment of the trial Court is affirmed.