NO. 07-08-00319-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 7, 2010

DAVIN EDWARD FASSAUER, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE COUNTY COURT AT LAW NO 1 OF POTTER COUNTY;

NO. 120,036; HONORABLE W. F. (CORKY) ROBERTS, JUDGE

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Davin Edward Fassauer was charged by information with the offense of evading arrest or detention.[1]  A jury found him guilty of the offense and the court sentenced him to 180 days confinement in the county jail.  Contending the evidence was legally and factually insufficient to support his conviction, appellant appeals.  We will affirm.

---

[1] Tex. Penal Code Ann. § 38.04(a),(b) (Vernon 2003). Appellant was charged under the former version of the law which made its violation a Class B misdemeanor in the absence of enhancement factors not present here.

Discussion

Through two issues appellant argues the evidence was legally and factually insufficient to establish that police officers were attempting to lawfully arrest or detain him.

The offense of evading arrest or detention consists of the following elements: 1) a person, 2) intentionally flees, 3) from a peace officer, 4) with knowledge he is a peace officer, 5) who is attempting to arrest or detain him, and 6) the attempted arrest or detention is lawful.  Tex. Penal Code Ann. § 38.04(a) (Vernon 2003).  *See Rodriguez v. State,* 578 S.W.2d 419, 419 (Tex.Crim.App. 1979).  Material to the argument of appellant is the sixth element requiring proof beyond a reasonable doubt that the arrest or detention evaded was lawful.  In general, absent extraordinary circumstances an arrest supported by probable cause or a warrant is lawful.  *Haight v. State,* 103 S.W.3d 498, 507 (Tex.App.–San Antonio 2003)*, rev'd on other grounds,* 137 S.W.3d 48 (Tex.Crim.App. 2004).

When conducting a legal sufficiency review, we view the evidence in the light most favorable to the verdict to determine whether a rational fact-finder could have found each element of the offense beyond a reasonable doubt.  *Swearingen v. State,* 101 S.W.3d 89, 95 (Tex.Crim.App. 2003); *Conner v. State,* 67 S.W.3d 192, 197 (Tex.Crim.App. 2001) (citing *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).  The trier of fact is the sole judge of the weight and credibility of the evidence.  *Margraves v. State,* 34 S.W.3d 912, 919 (Tex.Crim.App. 2000).  Accordingly, when performing a legal sufficiency review, we are not free to re-evaluate

the weight and credibility of the evidence and substitute our judgment for that of the fact-finder. *Dewberry v. State,* 4 S.W.3d 735, 740 (Tex.Crim.App. 1999). Rather, we "determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict." *Hooper v. State,* 214 S.W.3d 9, 16-17 (Tex.Crim.App. 2007). We must presume that the fact-finder resolved any conflicting inferences in favor of the prosecution and defer to that resolution. *Jackson,* 443 U.S. at 326, 99 S.Ct. at 2793; *Clayton v. State,* 235 S.W.3d 772, 778 (Tex.Crim.App. 2007).

If, based on all the evidence, a reasonably-minded jury must necessarily entertain a reasonable doubt of the defendant's guilt, due process requires that we reverse and order a judgment of acquittal. *Swearingen,* 101 S.W.3d at 95, (citing *Narvaiz v. State,* 840 S.W.2d 415, 423 (Tex.Crim.App. 1992)).

A factual sufficiency review of the evidence is "barely distinguishable" from the legal sufficiency review under *Jackson v. Virginia. Marshall v. State,* 210 S.W.3d 618, 625 (Tex.Crim.App. 2006). A factual sufficiency review considers whether the evidence supporting guilt, though legally sufficient, is so weak that the jury's verdict seems clearly wrong and manifestly unjust, or evidence contrary to the verdict is such that the jury's verdict is against the great weight and preponderance of the evidence. *Id.*; *Watson v. State,* 204 S.W.3d 404, 414-15 (Tex.Crim.App. 2006); *Johnson v. State,* 23 S.W.3d 1, 11 (Tex.Crim.App. 2000). In a factual sufficiency review, we again consider all the evidence, but now in a neutral light. *Marshall,* 210 S.W.3d at 625; *Watson,* 204 S.W.3d at 414. Although an appellate court's authority to review factual sufficiency permits the

3

court to disagree with the fact-finder's determinations, even to a limited degree those concerning the weight and credibility of the evidence, the appellate court must accord them due deference. *Marshall,* 210 S.W.3d at 625; *Johnson,* 23 S.W.3d at 9. When there is a conflict in the evidence, to find it factually insufficient we must first be able to say, with some objective basis in the record, that the great weight and preponderance of all the evidence contradicts the jury's verdict. *Watson,* 204 S.W.3d at 417.

We turn now to the evidence. On July 30, 2007, Amarillo police officers Shelton and Hawley went to a specific city residence to look for a "wanted individual." They had previously received information of appellant's possible presence at this location. Shelton identified appellant as the person he sought. According to Hawley, he and Shelton went to the residence in search of a "wanted person" named Davin Fassauer. To establish identification, the officers possessed a photograph of appellant. Hawley was familiar with serving arrest warrants and that the accused sometimes flee. The officers had information that appellant might be a flight risk.

Shelton and Hawley wore blue police uniforms with visible badges and the word "police" in four inch letters imprinted across the back. On arrival in the neighborhood, they secluded their patrol car and set up surveillance of the residence. In so doing, they observed a male, whom they believed was appellant, in front of the residence arguing with a female. She left in a car and it appeared the male might leave in a pickup.

Amarillo police officers Martinez and Chappell were also in the area of the residence in a patrol car driven by Chappell. Martinez was in uniform.[2] He was asked to meet Shelton and Hawley at the residence "on an arrest warrant they had." On cross-examination, Hawley acknowledged that he did not know if "a warrant in this case was sealed or not." Shelton called Martinez and Chappell requesting they go to the front door, identify the male as appellant, and place him under arrest. Martinez had previously seen a photograph of appellant and knew for whom they were looking. According to Martinez, as their patrol car entered the driveway he exited the passenger side before the vehicle stopped and commanded appellant to "come here." Instead, appellant fled on foot and Martinez gave chase commanding, "stop police." Appellant entered the backyard of a neighborhood residence and emerged in Hawley's presence riding a "kid's bicycle." When Hawley commanded appellant to get on the ground he slammed the bicycle down and continued running. Hawley attempted to stop appellant with a taser but was not successful. He ordered appellant to stop but appellant disobeyed and continued his flight. According to a civilian witness, appellant screamed, "'somebody help me. They're after me.'" When appellant entered a street and swerved to avoid a vehicle, Hawley overtook him and physically subdued him. Martinez identified appellant as the person he chased. According to Martinez, the evading incident lasted ten to fifteen minutes. Appellant sustained a cut which required stitches at a local hospital. Police then transported him to detention.

---

[2] Officer Chappell did not testify and the record contains no evidence of his attire.

Appellant contends the trial court sustained a hearsay objection to the testimonial statement of Martinez that he was asked to meet Shelton and Hawley "on an arrest warrant they had." Appellant appears to contend that without the strength of the objected-to testimony, the evidence is legally and factually insufficient to support a finding the arrest or detention he evaded was lawful. For several reasons, we must disagree. First, in a legal sufficiency review, we consider all of the evidence the jury was permitted to consider, whether rightly or wrongly. *Alexander v. State,* 866 S.W.2d 1, 3 (Tex.Crim.App. 1993).

Second, review of the record requires the conclusion Martinez's statement must be considered also in our factual sufficiency review. The testimony in question was elicited through the following exchange:

Q. [prosecutor]:     Why did you go to [the residence]?

A. [Martinez]:     I was asked to meet Corporal Shelton and Corporal Hawley on an arrest warrant that they had. They asked that I meet them because they were concerned that the person that was wanted would–

Defense Counsel:   I'll object to their concerns being hearsay.

The Court:     Sustained.

"[T]he purpose of lodging a timely and specific objection is to inform the trial court of the basis of the objection and to give the court an opportunity to rule on the specific objection as the evidence is introduced." *Sattiewhite v. State,* 786 S.W.2d 271, 283 (Tex.Crim.App. 1989). A specific objection also allows "opposing counsel an

6

opportunity to remove the objection or supply other testimony." *Maynard v. State,* 685 S.W.2d 60, 65 (Tex.Crim.App. 1985). When evidence contains both admissible and inadmissible components, a proper objection must point to the inadmissible component. *Celotex Corp. v. Tate,* 797 S.W.2d 197, 206 (Tex.App.–Corpus Christi 1990, writ dismissed). This is precisely what appellant did by specifically focusing his objection on the concerns conveyed to Martinez by Hawley and Shelton. We cannot construe appellant's objection as extending to Martinez's explanation of why he was at the residence.

Moreover, even assuming *arguendo* appellant's objection included Martinez's entire response, once uttered the testimony was before the jury. And appellant made no motion to strike or request for an instruction to disregard. The testimony was therefore available for the jury's consideration. "Where an objection is made and sustained as to testimony which has been heard by the jury the testimony is before the jury unless the jury is instructed to disregard it." *Prudential Ins. Co. v. Uribe*, 595 S.W.2d 554, 564 (Tex.Civ.App.--San Antonio 1979, writ ref'd n.r.e); *Johnson v. State,* 925 S.W.2d 745, 750 (Tex.App.--Fort Worth 1996, pet. refused); *Rodriquez v. State,* 903 S.W.2d 405, 409-10 (Tex.App.--Texarkana 1995, pet. refused) (citing *Prudential Ins. Co.*). *See also Battles v. Adams,* 415 S.W.2d 479, 483 (Tex.Civ.App.–Austin 1967, writ ref'd n.r.e.) ("[s]ince the objection to this testimony was made after its admission and no motion to strike having been made, the objection was waived and the testimony was before the court for all that it is worth"); *Poole v. State Highway Department,* 256 S.W.2d 168, 172 (Tex.Civ.App.–Fort Worth 1953, writ dismissed) ("testimony before the jury before objection thereto is made and sustained is still before them until they are

instructed not to consider it").  Accordingly, we consider Martinez's testimony he was asked to meet Shelton and Hawley "on an arrest warrant they had" in our evaluation of both the legal and factual sufficiency of the evidence.

Having reviewed the entire record, we find a rational trier of fact could have reasonably concluded that on July 30 police officers Hawley, Shelton, and Martinez were in uniform and drove to the residence in marked patrol cars.  They possessed a warrant for the arrest of appellant and were at the residence to take him into custody. When appellant saw Martinez and the patrol car driven by Chappell he fled on foot and did not stop until physically subdued despite commands to stop.

When viewed in the light most favorable to the verdict, the evidence is legally sufficient to support the verdict of the jury.  Additionally, a neutral review of all the evidence demonstrates neither that the proof of guilt is so weak nor that conflicting evidence is so strong as to render the jury's verdict clearly wrong and manifestly unjust. We overrule appellant's two issues.

### Conclusion

Having overruled appellant's two issues, we affirm the judgment of the trial court.


James T. Campbell
Justice

Do not publish.

8