NO. 07-08-00319-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



JUNE
7, 2010

 



 

DAVIN EDWARD FASSAUER, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE COUNTY COURT AT LAW NO 1
OF POTTER COUNTY;

 

NO. 120,036; HONORABLE W. F. (CORKY) ROBERTS, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

 

Appellant Davin
Edward Fassauer was charged by information with the
offense of evading arrest or detention.[1]  A jury found him guilty of the offense and
the court sentenced him to 180 days confinement in the county jail.  Contending the evidence was legally and
factually insufficient to support his conviction, appellant appeals.  We will affirm.

Discussion

Through two issues appellant argues
the evidence was legally and factually insufficient to establish that police
officers were attempting to lawfully arrest or detain him. 

The offense of
evading arrest or detention consists of the following elements: 1) a person, 2)
intentionally flees, 3) from a peace officer, 4) with knowledge he is a peace
officer, 5) who is attempting to arrest or detain him, and 6) the attempted
arrest or detention is lawful.  Tex. Penal Code Ann. ' 38.04(a)
(Vernon 2003).  See Rodriguez v.
State, 578 S.W.2d 419, 419 (Tex.Crim.App.
1979).  Material to the argument of appellant is the
sixth element requiring proof beyond a reasonable doubt that the arrest or
detention evaded was lawful.  In general,
absent extraordinary circumstances an arrest supported by probable cause or a
warrant is lawful.  Haight v. State, 103
S.W.3d 498, 507 (Tex.App.BSan Antonio 2003), rev=d on other grounds, 137 S.W.3d 48 (Tex.Crim.App.
2004). 

When conducting a
legal sufficiency review, we view the evidence in the light most favorable to
the verdict to determine whether a rational fact-finder could have found each
element of the offense beyond a reasonable doubt.  Swearingen v. State, 101 S.W.3d 89, 95
(Tex.Crim.App. 2003); Conner v. State, 67
S.W.3d 192, 197 (Tex.Crim.App. 2001) (citing Jackson v. Virginia, 443
U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560
(1979)).  The trier
of fact is the sole judge of the weight and credibility of the evidence.  Margraves v. State, 34
S.W.3d 912, 919 (Tex.Crim.App. 2000).  Accordingly, when performing a legal
sufficiency review, we are not free to re-evaluate the weight and credibility
of the evidence and substitute our judgment for that of the fact-finder.  Dewberry v. State, 4
S.W.3d 735, 740 (Tex.Crim.App. 1999).  Rather, we Adetermine whether
the necessary inferences are reasonable based upon the combined and cumulative
force of all the evidence when viewed in the light most favorable to the
verdict.@  Hooper v. State, 214
S.W.3d 9, 16-17 (Tex.Crim.App. 2007).  We must presume that the fact-finder resolved
any conflicting inferences in favor of the prosecution and defer to that
resolution.  Jackson,
443 U.S. at 326, 99 S.Ct. at 2793; Clayton v.
State, 235 S.W.3d 772, 778 (Tex.Crim.App. 2007).

If, based on all
the evidence, a reasonably-minded jury must necessarily entertain a reasonable
doubt of the defendant's guilt, due process requires that we reverse and order
a judgment of acquittal.  Swearingen, 101
S.W.3d at 95, (citing Narvaiz v. State, 840 S.W.2d 415, 423 (Tex.Crim.App. 1992)).

A factual
sufficiency review of the evidence is Abarely
distinguishable@ from the legal sufficiency review under Jackson
v. Virginia.  Marshall
v. State, 210 S.W.3d 618, 625 (Tex.Crim.App.
2006).  A factual sufficiency
review considers whether the evidence supporting guilt, though legally
sufficient, is so weak that the jury=s verdict seems
clearly wrong and manifestly unjust, or evidence contrary to the verdict is
such that the jury=s verdict is against the great weight and
preponderance of the evidence.  Id.; Watson v. State, 204 S.W.3d 404, 414-15 (Tex.Crim.App. 2006); Johnson v. State, 23 S.W.3d 1,
11 (Tex.Crim.App. 2000).  In a factual sufficiency review, we again
consider all the evidence, but now in a neutral light.  Marshall, 210 S.W.3d
at 625; Watson, 204 S.W.3d at 414.  Although an appellate court=s authority to
review factual sufficiency permits the court to disagree with the fact-finder=s determinations,
even to a limited degree those concerning the weight and credibility of the
evidence, the appellate court must accord them due deference.  Marshall, 210 S.W.3d
at 625; Johnson, 23 S.W.3d at 9. 
When there is a conflict in the evidence, to find it factually
insufficient we must first be able to say, with some objective basis in the
record, that the great weight and preponderance of all the evidence contradicts
the jury=s verdict.  Watson, 204 S.W.3d
at 417.

We turn now to the evidence.  On July 30, 2007, Amarillo police officers
Shelton and Hawley went to a specific city residence to look for a Awanted individual.@ 
They had previously received information of appellant=s possible presence at this
location.  Shelton identified appellant
as the person he sought.  According to
Hawley, he and Shelton went to the residence in search of a Awanted person@ named Davin
Fassauer.  To
establish identification, the officers possessed a photograph of
appellant.  Hawley was familiar with
serving arrest warrants and that the accused sometimes flee.  The officers had information that appellant
might be a flight risk.

Shelton and Hawley wore blue police
uniforms with visible badges and the word Apolice@ in four inch letters imprinted
across the back.  On arrival in the
neighborhood, they secluded their patrol car and set up surveillance of the
residence.  In so doing, they observed a
male, whom they believed was appellant, in front of the residence arguing with
a female.  She left in a car and it
appeared the male might leave in a pickup.

Amarillo police officers Martinez and
Chappell were also in the area of the residence in a patrol car driven by
Chappell.  Martinez was in uniform.[2]
He was asked to meet Shelton and Hawley at the residence Aon an arrest warrant they had.@ 
On cross-examination, Hawley acknowledged that he did not know if Aa warrant in this case was sealed or
not.@ 
Shelton called Martinez and Chappell requesting they go to the front
door, identify the male as appellant, and place him under arrest.  Martinez had previously seen a photograph of
appellant and knew for whom they were looking.  According to Martinez, as their patrol car
entered the driveway he exited the passenger side before the vehicle stopped
and commanded appellant to Acome here.@ 
Instead, appellant fled on foot and Martinez gave chase commanding, Astop police.@ 
Appellant entered the backyard of a neighborhood residence and emerged
in Hawley=s presence riding a Akid=s bicycle.@ 
When Hawley commanded appellant to get on the ground he slammed the
bicycle down and continued running. 
Hawley attempted to stop appellant with a taser
but was not successful.  He ordered
appellant to stop but appellant disobeyed and continued his flight.  According to a civilian witness, appellant
screamed, A>somebody help me.  They=re
after me.=@ 
When appellant entered a street and swerved to avoid a vehicle, Hawley
overtook him and physically subdued him. 
Martinez identified appellant as the person he chased.  According to Martinez, the evading incident
lasted ten to fifteen minutes.  Appellant
sustained a cut which required stitches at a local hospital.  Police then transported him to
detention.  

Appellant contends the trial court
sustained a hearsay objection to the testimonial statement of Martinez that he
was asked to meet Shelton and Hawley “on an arrest warrant they had.”  Appellant appears to contend that without the
strength of the objected-to testimony, the evidence is legally and factually
insufficient to support a finding the arrest or detention he evaded was
lawful.  For several reasons, we must
disagree.  First, in a legal sufficiency
review, we consider all of the evidence the jury was permitted to consider,
whether rightly or wrongly.  Alexander v. State, 866
S.W.2d 1, 3 (Tex.Crim.App. 1993).  

Second, review of the record requires
the conclusion Martinez’s statement must be considered also in our factual
sufficiency review. The testimony in question was elicited through the
following exchange:

Q. [prosecutor]:         Why
did you go to [the residence]?

A. [Martinez]:             I
was asked to meet Corporal Shelton and Corporal Hawley on an arrest warrant
that they had.  They asked that I meet
them because they were concerned that the person that was wanted wouldB

Defense Counsel:   I=ll object to their concerns being
hearsay.

The Court:                 Sustained.

A[T]he purpose of
lodging a timely and specific objection is to inform the trial court of the
basis of the objection and to give the court an opportunity to rule on the
specific objection as the evidence is introduced.@  Sattiewhite v. State, 786 S.W.2d 271, 283 (Tex.Crim.App.
1989).  A specific objection also
allows Aopposing counsel
an opportunity to remove the objection or supply other testimony.@  Maynard v. State, 685
S.W.2d 60, 65 (Tex.Crim.App. 1985).  When evidence contains both admissible and
inadmissible components, a proper objection must point to the inadmissible
component.  Celotex Corp. v. Tate, 797
S.W.2d 197, 206 (Tex.App.BCorpus Christi
1990, writ dismissed).  This is precisely
what appellant did by specifically focusing his objection on the concerns
conveyed to Martinez by Hawley and Shelton. 
We cannot construe appellant’s objection as extending to Martinez=s explanation of
why he was at the residence.  

Moreover,
even assuming arguendo
appellant=s objection included Martinez=s entire response, once uttered the
testimony was before the jury.  And
appellant made no motion to strike or request for an instruction to
disregard.  The testimony was therefore
available for the jury’s consideration.  “Where an objection is made and sustained
as to testimony which has been heard by the jury the testimony is before the
jury unless the jury is instructed to disregard it.”  Prudential Ins. Co. v. Uribe, 595 S.W.2d
554, 564 (Tex.Civ.App.--San Antonio 1979, writ ref’d n.r.e); Johnson v. State, 925 S.W.2d 745, 750 (Tex.App.--Fort Worth 1996, pet. refused); Rodriquez v. State, 903 S.W.2d 405,
409-10 (Tex.App.--Texarkana 1995, pet. refused)
(citing Prudential Ins. Co.).  See also Battles v. Adams, 415 S.W.2d 479,
483 (Tex.Civ.App.BAustin
1967, writ ref=d n.r.e.) (A[s]ince the objection to this testimony was made after its
admission and no motion to strike having been made, the objection was waived
and the testimony was before the court for all that it is worth@); Poole v.
State Highway Department, 256 S.W.2d 168, 172 (Tex.Civ.App.BFort Worth 1953,
writ dismissed) (Atestimony before the jury before objection
thereto is made and sustained is still before them until they are instructed
not to consider it@). 
Accordingly, we consider Martinez’s testimony he was asked to meet
Shelton and Hawley “on an arrest warrant they had” in our evaluation of both
the legal and factual sufficiency of the evidence.

Having reviewed
the entire record, we find a rational trier of fact
could have reasonably concluded that on July 30 police officers Hawley,
Shelton, and Martinez were in uniform and drove to the residence in marked
patrol cars.  They possessed a warrant
for the arrest of appellant and were at the residence to take him into
custody.  When appellant saw Martinez and
the patrol car driven by Chappell he fled on foot and did not stop until
physically subdued despite commands to stop. 


When viewed in the light most favorable to
the verdict, the evidence is legally sufficient to support the verdict of the
jury.  Additionally, a neutral review of
all the evidence demonstrates neither that the proof of guilt is so weak nor
that conflicting evidence is so strong as to render
the jury's verdict clearly wrong and manifestly unjust.   We overrule appellant=s two issues.

Conclusion

Having overruled
appellant=s two issues, we affirm the judgment of
the trial court.

                                    

 

                                                            

James T. Campbell

                                                                                                            Justice

 

Do not publish.  

            








 











[1] Tex. Penal Code Ann. ' 38.04(a),(b)
(Vernon 2003). Appellant was charged under the former version of the law which
made its violation a Class B misdemeanor in the absence of enhancement factors
not present here.  





[2] 
Officer Chappell did not testify and the record contains no evidence of his
attire.